# IN GENERAL TERM, 1873.

ISAAC LEAS AND WILLIAM H. FRANCE *v.* ROBERT M. GRUBBS
AND JOSEPH KLINE, Appellants.

WITNESS—*testimony of, to contract*—
CONTRACT—*instructions of Court on.*

Where an issue is presented that depends upon the making or revocation
of a contract, between one of the parties to a suit, and a third person,
a competent witness may testify to what was done and said between
the parties to a contract, with reference to the making, or revoking the
same, although the other party to the suit may not have been present
at the transaction and conversation.

It is proper for the Court to instruct the jury as to the terms and legal
effect of a written contract which is in evidence.

*E. A. Parker*, for appellant.
*Bloomer & Bradbury*, for appellees.

BLAIR, J.—This is a suit by the plaintiffs, Isaac Leas and
Wm. H. France against Robert M. Grubbs and Joseph Kline,
on a promissory note made by the defendants to the plain-
tiffs, on the 26th day of January, 1872.

The defendant, Grubbs, suffered a default.

The defendant, Kline, answered that the note was given
for a certain patent right, which the plaintiffs represented
they were the sole owners of, when in fact they had before
that time conveyed a one-half interest in the patent to one
A. C. Ball.

To this answer it was replied that a contract was made
granting to Ball a one-half interest, but that in the contract

the plaintiffs reserved a right to revoke the same on certain contingencies, and that it was revoked before the sale to the defendants.

The cause was tried at Special Term before a jury, resulting in a verdict and judgment for the plaintiffs for the full amount due upon the note.

The defendant Kline made a motion for a new trial, which motion was overruled and excepted to by the defendant.

The first error complained of is the admission over the objection of the defendant Kline, of certain testimony of Leas, one of the plaintiffs, of a conversation and agreement with Ball touching the rescision of the contract between the plaintiffs and Ball. It was objected that the plaintiff Leas could not testify as to what occurred, or was said between himself and Ball touching this matter, because the defendant Kline was not present at the conversation.

It was a question presented by the issues whether the contract with Ball had been revoked or not, before the sale to the defendants and the making of the note.

The question of revocation depended entirely upon what transpired between the plaintiffs and Ball, it was a matter in which they alone were concerned, and about which they alone could make an agreement. From what was done and said between the plaintiff and Ball, the Court and jury were to determine whether or not the contract was revoked. The plaintiff Leas was a competent witness, and it was proper for him to state the transaction and negotiation about the rescision just as it occurred. Where an issue is presented that depends upon the making of a contract, or revoking a contract between one of the parties to a suit and a third person, a competent witness may testify to what was done and said between the parties to the contract with reference to making or revoking the contract, although the other party to the suit may not have been present at the transaction and conversation.

Leas and France .v. Grubbs and Kline.

The next error is that the verdict of the jury was contrary to law and the evidence.

We have examined the evidence and think the verdict is fully sustained, even by the evidence introduced by the defendant himself.

A general assignment of error is made to the instructions given by the Court, but our attention is only called to the second instruction.

It is objected that in this instruction the Court presumed to decide upon facts which should be left to the jury. The written contract between the plaintiffs and Ball was in evidence, and its proper construction and legal effect was important to be made known to the jury.

It is certainly unnecessary to cite authorities to support the proposition that the construction of a written contract is a question for the Court. It is proper for the Court to instruct the jury as to the terms, and legal effect of a written contract which is in evidence. This is all the Court did in the second instruction, and it is, therefore, not open to the objection made by the defendant.

Judgment affirmed.